UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF MISSISSIPPI, SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
MAY 08 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

PAUL PETERSON and
LUY VAN LU

                        **Plaintiffs,**

versus                                   CASE NO.: 1:15cv151 KS-RHW

MASSE CONTRACTING, INC.

                        **Defendant.**

## COMPLAINT

Plaintiffs are former employees of the Defendant, Masse Contracting, Inc. Plaintiffs files this action against Defendant, for past and ongoing wages owed in the nature of unpaid overtime, as well as other damages and remedies. Plaintiffs contend that Defendant violated and continues to violate the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq*. The following allegations are based on personal knowledge of the Plaintiffs.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court because Defendant is licensed to do and doing business in the State of Mississippi a substantial portion of the acts and omissions giving rise to the instant claims occurred in this District.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

4. At all relevant times herein, Defendant's business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

## RELEVANT TIME PERIOD

5. The FLSA permits Plaintiffs to recover unpaid wages and liquidated damages for up to three years prior to the commencement of the lawsuit.

## PARTIES

6. Plaintiff, Paul Peterson, is an individual residing at 13725 Pine Avenue, Vancleave, Mississippi. He was employed by Masse Contracting, Inc. from 2011 through approximately July 2014. Plaintiff's work was directed and controlled by the Defendant and its employees.

7. Plaintiff, Luy Van Lu, is an individual residing at 9146 Irvington Blb Hwy. Irvington, Alabama. He was employed by Masse Contracting, Inc. from 2010 through approximately August 2012.

8. Defendant Masse Contracting, Inc., (hereinafter "Masse") is a business incorporated under the laws of Louisiana and licensed to do and doing business in Mississippi. Masse may be served through its registered agent Tracy Parks at 6331 Highway 90 E., Moss Point, Mississippi, 39563.

## FACTS

### A. PAUL PETERSON

9. Defendant, Masse Contracting, Inc., a privately held corporation, supplies a variety of skilled craftsmen to support ongoing projects in Louisiana and the Mississippi Gulf Coast. In particular, Masse subcontracts with various shipyards and other marine and industrial

companies to provide the services of structural welders, shipfitters, pipe welders, pipefitters, electricians, and outside machinists.

10. Plaintiff, Paul Peterson, was employed as an electrician for the Defendant Masse from 2011 through approximately July 2014. He regularly worked overtime for the Defendant. Masse advertised and offered Plaintiff Peterson hourly wages of $20.50 per hour; however, when Plaintiff received his paychecks, he was actually paid $15.50 an hour straight time and $23.25 an hour overtime, plus an hourly per diem of $5.00 an hour. The hourly per diem did not increase for hours worked in excess of 40 hours per week. His 'per diem' pay fluctuated with, and was based on, the number of hours worked, every week.

11. Based upon Defendant's uniform practice and pay system, the Plaintiff Peterson worked hours in excess of forty (40) per week and was not paid overtime based upon one and one half times his regular rate of pay, which "regular rate" should have included all hourly "per diems."

12. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff Peterson.

13. Plaintiff Peterson has retained the law firm of LOCOCO & LOCOCO, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for their services.

### B.     LUY VAN LU

14. Defendant, Masse, a privately held corporation, supplies a variety of skilled craftsmen to support ongoing projects in Louisiana and the Mississippi Gulf Coast. In particular, Masse, subcontracts with various shipyards and other marine and industrial companies to provide the services of structural welders, shipfitters, pipe welders, pipefitters, electricians, and outside machinists.

15. Plaintiff, Luy Van Lu, was employed as a welder for the Defendant Masse, from 2010 through approximately August 2012. He regularly worked overtime for the Defendant. Plaintiff Lu regularly worked overtime for the Defendant. Masse advertised and offered Plaintiff Lu hourly wages of $17.00 per hour; however, when Plaintiff received his paychecks, he was actually paid $12.00 an hour straight time and $18.00 an hour overtime, plus an hourly per diem of $7.00 an hour. The hourly per diem did not increase for hours worked in excess of 40 hours per week. His 'per diem' pay fluctuated with, and was based on, the number of hours worked, every week.

16. Based upon Defendant's uniform practice and pay system, the Plaintiff Peterson worked hours in excess of forty (40) per week and was not paid overtime based upon one and one half times his regular rate of pay, which "regular rate" should have included all hourly "per diems."

17. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff Peterson.

18. Plaintiff Peterson has retained the law firm of LOCOCO & LOCOCO, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for their services.

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

19. Plaintiffs hereby incorporate paragraphs 1 through 18 by reference.

20. At all relevant times, Plaintiffs were non-exempt employees as defined in the FLSA, 29 U.S.C. §§ 203(e), 207, 213, and were entitled to be paid time and one-half for all hours worked in excess of forty per week in accordance with the FLSA overtime provisions, 29 U.S.C. § 207.

21. At all relevant times, Defendant was an employer as defined in the FLSA, 29 U.S.C. §201(d).

22. At all material times herein, Plaintiffs were entitled to the rights, protections, and benefits provided under the FLSA.

23. Defendant violated the FLSA by failing to pay overtime compensation at the appropriate rate to the Plaintiffs. 29 U.S.C. § 207, 215(a)(2), 216(b).

24. The FLSA regulates, among other things, the payment of overtime compensation by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

25. Defendant was, and is, subject to the overtime pay requirements of the FLSA.

26. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the Plaintiffs. Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA; in particular, one and one-half times the regular rate for all hours worked in excess of forty during the workweek.

27. Defendant's failure to accurately pay overtime was, and is, willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not in violation of the FLSA. Overtime compensation has been intentionally, willfully, and unlawfully withheld by the Defendant, and Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

28. Defendant has failed to maintain accurate records of Plaintiffs' work hours in accordance with the law.

29. To the extent accurate records of the Plaintiffs' work hours exist, they are solely in the possession of the Defendant.

30. Plaintiffs are entitled to reimbursement of their costs, reasonable attorneys' fees, and expenses incurred.

## COUNT II – FRAUDULENT MISREPRESENTATION

31. Plaintiffs hereby incorporate paragraphs 1 through 30 by reference.

32. Defendant advertised positions with Masse which fraudulently misrepresented that the wages included a daily per diem, when in fact, employees were paid an hourly per diem. The hourly per diem amounts were inappropriately excluded from calculating Plaintiffs' regular hourly rates, thus diluting Plaintiffs' overtime rates and resulting in substantial underpayment of overtime due under FLSA.

33. Said false representations were known by Defendant and their corporate representatives to be false at the time they were made.

34. Said false representations were made with the intent to deceive and defraud Plaintiffs.

35. The Plaintiffs herein actually and justifiably relied on said fraudulent misrepresentations and were damaged as a direct and proximate result of said fraudulent misrepresentations.

## COUNT III – NEGLIGENT MISREPRESENTATION

36. Plaintiffs hereby incorporate paragraphs 1 through 35 by reference.

37. At the time Defendant made the false representations outlined in Paragraphs 1-35, Defendant had no reasonable grounds for believing the statements to be true.

38. Said false representations were made negligently without regard for the truth of said representations and with the intent that Plaintiffs rely on said representations.

39. Plaintiffs actually and justifiably relied on said false representations.

40. Plaintiffs were damaged by said false representations in an amount to be determined at trial.

41.

## JURY DEMAND

The Plaintiffs, Paul Peterson and Luy Van Lu, are entitled to and do hereby demand a trial by jury.

**WHEREFORE PREMISE CONSIDERED,** Plaintiff Paul Peterson and Luy Van Lu, respectfully pray;

    a. That the Plaintiffs be awarded damages in the amount of unpaid overtime compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

    b. That Plaintiffs be awarded their reasonable attorneys' fees, including the costs and expenses of this action, 29 U.S.C. 216(b);

    c. That the Plaintiffs be awarded an adequate amount of damages intended to satisfy reasonable and necessary charges to be incurred as a result of hiring an accountant to calculate and refile taxes based on the amended earning;

    d. That Plaintiffs be awarded an amount of damages intended to satisfy any and all penalties assessed by the Internal Revenue Service; and

    e. That the Plaintiffs be awarded such other legal and equitable relief they may be entitled, including but not limited to punitive damages.

Respectfully submitted, this the ___7th___ day of ___May___, 2015.

**PLAINTIFF, PAUL PETERSON and LUY VAN LU.**

_____
JACOB D. KING, MS Bar No. 104157
VIRGINIA L. LoCOCO, MS Bar No. 8483
JOSEPH A. LOCOCO, MS Bar No. 9537
LoCoco and LoCoco, P.A.
10243 Central Avenue
P.O. Box 6014
D'Iberville, MS 39540
Telephone No. 228-392-3799
Facsimile No. 228-392-3890
virginia.lococo@lococolaw.com
joseph.lococo@lococolaw.com